```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION
```

GWAYNE LAMBERT,

        Plaintiff,             No. 13 C 6030

    v.                       Hon. Harry D. Leinenweber

JAEHO JUNG and the CITY OF
CHICAGO,

        Defendants.

## ORDER

Defendants' Motion to Dismiss Count VII of Plaintiff's Amended Complaint, [ECF No. 37], is denied.

STATEMENT

This § 1983 case arises out of an incident whereby Defendant Jaeho Jung, a Chicago police officer, pulled over and arrested Plaintiff for driving a car with alleged defects. The incident occurred on October 15, 2012, and Plaintiff filed his original six-count complaint within a year of the incident on August 26, 2013. On August 29, 2014, Plaintiff amended his complaint to add Count VII, which alleges that the City of Chicago is liable for Plaintiff's injuries because the October 15 incident was caused by the City's failure to supervise Jung properly.

Defendants move to dismiss Count VII, arguing that the count is time-barred by the Illinois Local Government and Governmental Employees Tort Immunity Act, which sets forth a one-year statute of limitations for claims like Plaintiff's Count VII. 745 Ill. Comp. Stat. 10/8-101. Because Plaintiff alleged Count VII over one year after the October 15 incident, Defendants conclude that Count VII is untimely.

Defendants' argument fails because Plaintiff's amendment in this case relates back to the date of his original complaint. Under Rule 15 of the Federal Rules of Civil Procedure, an amendment to a complaint "relates back" to the date of the original complaint when "the law that provides the applicable statute of limitations allows relation back" and when "the amendment asserts a claim . . . that arose out the . . .

occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(A)-(B).

The Tort Immunity Act allows for relation back, *Foster v. Unknown Cook Cnty. Deputy Sheriff*, 914 F. Supp. 221, 224 (N.D. Ill. 1995), and Count VII arises out of the same occurrence set forth in the original complaint. Count VII does not add any new defendants, nor does that count allege a different set of facts relating to the October 15 incident. Instead, Count VII simply adds another reason that the City of Chicago — already a defendant in the original complaint — is liable for the alleged injuries Plaintiff sustained during the October 15 incident. Count VII therefore relates back to the date of the original complaint, which was filed within the one-year statute of limitations. *Accord Hood v. City of New York*, 739 F. Supp. 196, 200-01 (S.D.N.Y. 1990) (applying the relation-back doctrine in a § 1983 case when the plaintiff amended his complaint to add a count that the City of New York permitted the beating described in the original complaint).

For these reasons, Defendants' Motion to Dismiss, [ECF No. 37], is denied.

**SO ORDERED.**

Dated: 9/25/2014

_____
HARRY D. LEINENWEBER
United States District Judge